UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER |
| | § | |
| CULINARY AMBITION, LLC | § | 14-10282 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**APPLICATION OF
LAW OFFICE OF ENRIQUE J. SOLANA, PLLC
FOR APPROVAL OF ATTORNEY'S FEES AND EXPENSES
FOR PERIOD: July 30, 2014 through December 3, 2014**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY, YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE BANKRUPTCY JUDGE:

  NOW COMES, Enrique Solana, Attorney At Law, (herein "Applicant") as Counsel to CULINARY AMBITION, LLC, the "Debtor" and files this Application for Approval of Attorney's Fees and Expenses for periods July 30, 2014 through December 3, 2014 (herein the "Application") and would show the Court as follows:

  1.  On or about July 31, 2014, Debtor, Culinary Ambition, LLC, filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  An Order for Relief was entered on that same date.

APPLICATION FOR APPROVAL AND ALLOWANCE OF COMPENSATION

1

2. Applicant is counsel for Debtor and makes this Application for Approval and Allowance of Compensation pursuant to §330 of the Bankruptcy Code for professional services rendered and reimbursement of out-of-pocket expenses necessarily incurred by Applicant in representation of the Debtor as counsel for the period of July 30, 2014 through December 3, 2014 (hereinafter the "Application Period").  An Order Approving Employment of Attorney was approved and entered on August 28, 2014.  In the Order, a copy of which is attached as Exhibit "A" and incorporated herein for all purposes, the Court approved a retainer fee of $10,000.00.

3. Applicant had agreed to represent the Debtors at an hourly rate of $200.00 for Enrique J Solana and $100.00 for the Paralegal.  Debtor believes these agreed rates of compensation are reasonable.

4. Since the case was filed, Debtor has incurred attorney fees totaling $10,000.00.

5. This Court has core jurisdiction to determine the reasonableness of the fees, the amount of the expenses and the appropriateness of the charges in respect to all of the professional fees.  For both cases, the Applicant invested time amounting to $10,000.00 and expenses of $WAIVED totaling $10,000.00.

6. During the Application Period, the Applicant represented the Debtor in its Chapter 11 Bankruptcy proceeding and incurred fees and expenses more particularly set forth in the itemized invoices attached hereto as Exhibit "B".

7. This request for approval and payment of fees applies only to fees and expenses incurred on behalf of the Debtor during the Application Period.  All professional services for which allowance for compensation is requested were performed by Applicant for and on behalf of the Debtor and not on behalf of any committee, creditor or any other person.  During the

Application Period, the Applicant expended a total of 57.1 hours (42.9 hours of attorney time and 14.2 hours of paralegal time) for professional services rendered on behalf of the Debtor. The time spent and hourly rate of each attorney and paralegal during the Application Period is disclosed as follows:

| Law Office of Enrique J Solana | Hourly Rate | Actual Hours | Fees |
|---|---|---|---|
| Enrique J Solana | $200.00 | 42.9 | $8,580.00 |
| Paralegal | $100.00 | 14.2 | $1,420.00 |
| | | TOTAL FEES: | $10,000.00 |

8.  Based on these rates, the value of services rendered on behalf of Debtors by Applicant during the Application Period and out-of-pocket expenses for that same period total $10,000.00.

## FACTS RELEVANT TO THE AWARD OF ATTORNEY'S FEES

9.  The following is an explanation of the nature of, and necessity for, the services sought to be compensated by this Application, and an explanation of the events and circumstances unique to this Application.

10.  Various factors have been suggested by the Courts in considering the value of compensation rendered in awarding compensation in a bankruptcy case as enumerated by the Court in *In re First Colonial Corporation*, 544 F.2d 1291 (Fifth Circuit 1977) and *In re Wildman*, 15 BCD 1189 (Bankr. N.D. Ill. 1987). These factors are relevant to this Application, and are set out and discussed separately below:

   A.  <u>Time and Labor Required</u>. Applicant has utilized 42.9 hours of attorney time and 14.2 hours of paralegal time in the Chapter 11 proceedings to the exclusion of other potential

clients. The problems presented by these cases have often required immediate attention forcing priority use of time by attorney.

B. <u>Novelty and Difficulty of the Questions</u>. Since its entry into this case, the Applicant has confronted bankruptcy and non-bankruptcy questions related to cash flow, asset disposition and the Plan of Reorganization as well as other bankruptcy related questions.

C. <u>Skills Requisite to Perform the Service Properly</u>. The Applicant in charge of this case, Enrique J Solana, deals principally with bankruptcy reorganization cases.

D. <u>Customary Fees</u>. The rates charged by Applicant were, at the inception of these proceedings, the same as the normal charges for the work performed in similar matters for similar clients for Applicant, without consideration of size and degree of responsibility, difficulty, complexity and results achieved. The charges by Applicant are believed to be at a rate less than that being charged in the State of Texas by attorneys representing Debtors in these types of cases. The rate charged by the special counsel in this case is substantially less than in major cities.

E. <u>Whether Fee is Fixed or Contingent</u>. As in all bankruptcy proceedings, fees of the Applicant are subject to the review, approval and/or discretion of the Court in determining the value of services to the Estate as well as subject to the availability of funds in the estate and are accordingly, in that sense, contingent. These fees are not intended to be contingent, and the results obtained to date, it is believed, justifies the award of these fees.

F. <u>Time Limitations</u>. The circumstances under which Applicant was employed as counsel for the Debtor caused the Applicant to experience time limitations and demands early on

in the pending case.  The Debtor has requested and has received a priority handling of its case by the Applicant.

    G.  <u>Amount Involved and Results Obtained</u>.  The schedule of assets and liabilities filed by Debtor lists total indebtedness of approximately $621,168.53 and total assets of approximately $123,809.50.  There are approximately 15 creditors.

    H.  <u>The Undesirability of the Case</u>.  This criterion is not a factor in these cases.

    I.  <u>The Nature and Length of Professional Relationship with the Client</u>.  The Applicant has no connection with the Debtors, any Creditor's Committee, or any creditor.

    J.  <u>Awards in Similar Cases</u>.  The compensation sought is consistent with the reasonable compensation awarded in other cases of this size and nature.  There is no request for a special fee, either as a bonus or at a rate higher than is normally charged by Applicant.

    K.  <u>Fees and Expenses</u>.  The Applicant has incurred necessary out-of-pocket fees and expenses in connection with this case.

    L.  <u>Mileage</u>.  When applicable, Applicant's rate for automobile mileage is .40 cents per mile, the mileage rate charged and normally approved in the Southern District of Texas.

    M.  <u>Travel Time</u>.  When applicable, the hourly rate charged reflects only one-half of the time actually spent in travel, in accordance with this firms practice.

    N.  <u>Itemized Entries</u>.  The Applicant's hours are attached hereto as Exhibit "B" and incorporated herein for all purposes as if set forth fully at length.

    11.    This application for allowance is submitted under the standards set forth in *In re First Colonial Corporation*, 544 F.2d 129 (Fifth Circuit 1977) and *In re Wildman*, 15 BCD 1198 (Bankr. N.D. Ill. 1987), which this Court will use in assessing the propriety of these attorney's

fees. These standards include the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by attorney due to acceptance of the cause, the customary fees, whether fee is fixed or contingent, time limitations imposed by client or other circumstances, the amount involved and results obtained, the experience, reputation and ability of the attorneys, the undesirability of the cases, the reasonableness of the rates charged, the nature and length of professional relationship with the client, itemization of attorney time entries, chronological time records, explanation of expenses incurred, and awards in similar cases; all of these standards have been addressed above. Based on these criteria, the reasonable value of the services rendered including expenses incurred by Applicant as Attorney for said Debtor in connection with this litigation is $10,000.00.

12. This fee application is filed and submitted in accordance with the requirements of this Court and the Bankruptcy Code, and, it is not intended as a waiver in any respect of the attorney client privilege between counsel and the Debtor-in-possessions. Such privileges, and all privileges related thereto, are specifically reserved.

13. The Debtor is current with their United States Trustee quarterly fees and all Monthly Operating Reports have been filed.

14. Jose Antonio Lopez, Member Manager of the Debtor, has been given the opportunity to review this Application and has approved the requested amount.

WHEREFORE, the Applicant requests that the Interim Application of Law Office of Enrique J Solana for Approval of Attorneys Fees and Expenses for periods July 30, 2014 through December 3, 2014 be approved.

                                      Respectfully submitted,

                                      /s/  Enrique J Solana                   .
                                    Enrique J Solana
                                    Federal ID No. 962939
                                    State Bar No. 24066114
                                    Law Office of Enrique J Solana, PLLC
                                    914 E. Van Buren St
                                    Brownsville, TX 78520
                                    (956) 544-2345
                                    (956) 550-0641 fax

## CERTIFICATE OF SERVICE

       I hereby certify that on December 3, 2014, I served a copy of the foregoing Application by U.S. Regular Mail or electronically on the following:

Culinary Ambition, LLC
3300 North McColl Rd, Suite O
McAllen, TX 78501


Barbara Jue
United States Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, TX 78476

And to all creditors and parties of record.

                                    /s/  Enrique J Solana                   .
                                    Enrique J Solana