UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-10282 |
| | § | |
| CULINARY AMBITION, LLC | § | |
| | § | |
| Debtor-in-Possession | § | CHAPTER 11 |

**AMENDED
CULINARY AMBITION, LLC'S
CHAPTER 11 PLAN OF REORGANIZATION
DATED DECEMBER 18, 2014**

### ARTICLE I
### SUMMARY

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes to pay creditors of CULINARY AMBITION, LLC ("Debtor") with income generated by operation of the Debtor's Argentinean steakhouses. The proposed plan pays creditors 100% over a period of up to 5 years.

This plan provides for 7 classes of secured claims; 3 classes of unsecured claims; 1 class of priority tax claims, and 2 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| Class | |
|---|---|
| 1.1 | The claim of Internal Revenue Service, to the extent allowed as a secured claim under § 506 of the Code. |
| 1.2 | The claim of Cameron County, to the extent allowed as a secured claim under § 506 of the Code. |
| 1.3 | The claim of South Texas College, to the extent allowed as |

|     |                                                                                                      |
| --- | ---------------------------------------------------------------------------------------------------- |
|     | a secured claim under § 506 of the Code.                                                             |
| 1.4 | The claim of City of McAllen, to the extent allowed as a secured claim under § 506 of the Code.      |
| 1.5 | The claim of South Texas ISD, to the extent allowed as a secured claim under § 506 of the Code.      |
| 1.6 | The claim of McAllen ISD, to the extent allowed as a secured claim under § 506 of the Code.          |
| 1.7 | The claim of Hidalgo County, to the extent allowed as a secured claim under § 506 of the Code.       |
| 2   | Unsecured claims allowed under § 502 of the Code.                                                    |
| 3   | Equity interests in the Debtor.                                                                      |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

  3.01 <u>Unclassified Claims</u>.  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

  3.02 <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

  3.03 <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

  The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| <u>Type</u> | <u>Estimated Amount Owed</u> | <u>Proposed Treatment</u> |
| --- | --- | --- |
| Expenses Arising in the Ordinary Course of Business After the Petition Date | None | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| Professional Fees, as approved by the Court.<br><br>Law Office of Enrique J Solana | $5,000.00 (approximate) | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the |

|  |  | effective date of the Plan |
|---|---|---|
| Clerk's Office Fees | Unknown | Paid in full on the effective date of the Plan |
| Other administrative expenses: | None | Paid in full on the effective date of the Plan or according to separate written agreement |
| TOTAL | $5,000.00 |  |

      3.04    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be 100% of the allowed claim including post-petition accruals at the rate of 3% over a period of 60 months starting 30 days after the effective date of the plan.

The following chart lists the Debtor's priority tax claims and their proposed treatment under the Plan:

| Description<br>(name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service<br><br>300 E. 8th St<br><br>M/S 5026 AUS<br><br>Austin, TX 78701<br><br><br>Notices to be sent to:<br><br><br>Internal Revenue Service<br><br>PO Box 7346<br><br>Philadelphia, PA 19101-7346<br><br><br>Type of Tax: | $37,931.40 | 2013-2014 | Consists of Internal Revenue Service ("IRS") WT-FICA and FUTA.<br><br>The Debtor proposes to pay the claim in equal monthly installments pursuant to 11 U.S.C. 1129(a)(9)(C) with 3.0% APR. Payments to begin 30 days after confirmation of debtor's plan.<br><br>The debt is to be reduced by any adequate protection payments paid as per Agreed Order on Use of Cash Collateral.<br><br>ADDITIONAL TERMS:<br>*Events of Default. The occurrence of any of the following* |

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| FUTA, and WT-FICA<br><br>For tax years 2013-2014 | | | *shall constitute an event of default under the Plan, this language applied to the Secured, Unsecured Priority and Unsecured General Claims:*<br>*1)* **Failure to Make Payments.** *Failure on the part of Debtor to pay fully when due any payment required to be made in respect of the Plan Debt. However, due to the size and ongoing nature of the IRS's claim, upon a default under the plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code. As to the IRS:*<br><br>*(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest failed to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United* |

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| | | | *States of the right to declare that the successor in interest or Debtor is in default.*<br>*(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the automatic stay provided under 11 U.S.C. 362 shall lift without further notice by the Court and the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.*<br>*(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan. All payments will be sent to: IRS, 300 E. 8th St., Stop**5026**AUS, Austin, Texas 78701 attn Keri Templeton.*<br>*(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would* |

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| | | | *release any liability of the responsible persons of the Debtor to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.* |

3.05 <u>Unsecured Priority Claim</u>. Each holder of an unsecured priority claim pursuant to 11 U.S.C. § 507 (a)(8)(D) will be 100% of the allowed claim including post-petition accruals at the rate of 4.25% and will be made with one lump sum payment starting 30 days after the effective date of the plan.

The following chart lists the Debtor's unsecured priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Texas Workforce Commission<br><br>PO Box 12548<br><br>Austin, TX 78711-2548<br><br><br>Type of Tax:<br><br>Unemployment Compensation Act, Texas | $313.83 | 3Q/2014 | Consists of tax, interest, penalty and other charges due under the Texas Unemployment Compensation Act, Texas Labor Code, Chapter 201 seq.<br><br>The Debtor proposes to pay this claim in one lump sum installment starting 30 days after the effective date of the Plan. |

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Labor Code, Chapter 201 seq  For 3rd Quarter 2014 | | | |

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| Class | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|

- 8 -

| 1.1 | Internal Revenue Service<br>300 E. 8th St<br>M/S 5026 AUS<br>Austin, TX 78701<br><br>Notices to be sent to:<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br><br>Type of Secured Tax: WT-FICA<br>For tax years 2012-2014<br><br>Claim Amount: $94,617.15<br><br>Collateral=<br>All of debtor's right, title and interest to property; §26 U.S.C. §6321<br><br>Value = $123,809.50<br>Priority of lien = 1st and/or 2nd (to PMSI) | No. | Unimpaired | Consists of Internal Revenue Service ("IRS") WT-FICA taxes.<br><br>The Debtor proposes to pay the claim in equal monthly installments pursuant to 11 U.S.C. 1129(a)(9)(C) with 3.0% APR. Payments to begin 30 days after confirmation of debtor's plan.<br><br>The debt is to be reduced by any adequate protection payments paid as per Agreed Order on Use of Cash Collateral.<br><br>ADDITIONAL TERMS:<br>Please see additional terms of IRS debt as provided in Section 3.02; Priority Tax Claims. |

| 1.2 | Cameron County<br>c/o<br>Diane W. Sanders<br>Linebarger Goggan<br>Blair & Sampson, LLP<br>PO Box 17428<br>Austin, TX 78760<br><br>Collateral:<br>INV,FURN,FIX,EQPT AT 1655 RUBEN TORRES BLVD STE 208, BROWNSVILLE TX<br><br>Loan No.<br><br>(Interest rate = 12%)<br><br>Claim amount =$1,490.50<br><br>Value = $123,809.50 | No | Unimpaired | Consists of Cameron County ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.<br><br>The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim.<br><br>Taxing Jurisdictions shall retain all liens until such taxes are paid in full.<br><br>Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 1.3 | South Texas College c/o Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP PO Box 17428 Austin, TX 78760  Collateral: INVENTORY FURNITURE FIXTURES & EQUIPMENT AT 3300 N MCCOLL RD / NEW ACCT 2007  Loan No.  (Interest rate = 12%)  Claim amount =$363.30  Value = $123,809.50 | No | Unimpaired | Consists of South Texas College ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.  The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim.  Taxing Jurisdictions shall retain all liens until such taxes are paid in full.  Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 1.4 | City of McAllen<br>c/o<br>Diane W. Sanders<br>Linebarger Goggan<br>Blair & Sampson, LLP<br>PO Box 17428<br>Austin, TX 78760<br><br>Collateral:<br>INVENTORY<br>FURNITURE<br>FIXTURES &<br>EQUIPMENT AT 3300<br>N MCCOLL RD / NEW<br>ACCT 2007<br><br>Loan No.<br><br>(Interest rate = 12%)<br><br>Claim amount<br>=$1,142.67<br><br>Value = $123,809.50 | No | Unimpaired | Consists of City of McAllen ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.<br><br>The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim.<br><br>Taxing Jurisdictions shall retain all liens until such taxes are paid in full.<br><br>Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 1.5 | South Texas ISD c/o Diane W. Sanders Linebarger Goggan Blair & Sampson, LLP PO Box 17428 Austin, TX 78760 Collateral: INVENTORY FURNITURE FIXTURES & EQUIPMENT AT 3300 N MCCOLL RD / NEW ACCT 2007 Loan No. (Interest rate = 12%) Claim amount =$106.80 Value = $123,809.50 | No | Unimpaired | Consists of South Texas ISD ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.

The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim.

Taxing Jurisdictions shall retain all liens until such taxes are paid in full.

Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 1.6 | McAllen ISD c/o John T. Banks Perdue, Brandon, Fielder, Collins & Mott, LLP 3301 Northland Dr Austin, TX 78731  Collateral: INVENTORY FURNITURE FIXTURES & EQUIPMENT AT 3300 N MCCOLL RD / NEW ACCT 2007  Loan No.  (Interest rate = 12%)  Claim amount =$2,322.85  Value = $123,809.50 | No | Unimpaired | Consists of McAllen ISD ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.  The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim.  Taxing Jurisdictions shall retain all liens until such taxes are paid in full.  Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 1.7 | Hidalgo County c/o John T. Banks Perdue, Brandon, Fielder, Collins & Mott, LLP 3301 Northland Dr Austin, TX 78731 Collateral: INVENTORY FURNITURE FIXTURES & EQUIPMENT AT 3300 N MCCOLL RD / NEW ACCT 2007 Loan No. (Interest rate = 12%) Claim amount =$1,367.21 Value = $123,809.50 | No | Unimpaired | Consists of City of McAllen ad valorem taxes. The Debtor proposes to pay, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing thirty days from the Plan's Confirmation Date and ending sixty months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full. The 2015 ad valorem taxes owed to the Taxing Jurisdictions shall be paid in the ordinary course of business and Taxing Jurisdictions shall not be required to file a request for allowance and payment of its claim. Taxing Jurisdictions shall retain all liens until such taxes are paid in full. Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes (including 2015 taxes) are not paid timely pursuant to state law or payment agreement with the Taxing Jurisdictions. In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor. If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. The Debtor has the opportunity to cure two (2) times over the life of the Plan. In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code. |

| 2.1 | Holtzman Group, LTD | No | Impaired | $49,817.00; The Debtor proposes to pay the claim in equal monthly installments pursuant to 11 U.S.C. 1129(a)(9)(C) with 0.00% APR. Payments to begin 30 days after confirmation of debtor's plan. |
| --- | --- | --- | --- | --- |
| 2.2 | Internal Revenue Service | No | Impaired | $5,409.46; The Debtor proposes to pay the claim in equal monthly installments pursuant to 11 U.S.C. 1129(a)(9)(C) with 0.00% APR. Payments to begin 30 days after confirmation of debtor's plan. |
| 2.3 | Rafael Lopez Fernandez | No | Impaired | $400,231.14; The Debtor proposes to pay the claim in equal monthly installments pursuant to 11 U.S.C. 1129(a)(9)(C) with 0.00% APR. Payments to begin 30 days after confirmation of debtor's plan. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan

| Party | Description of Contract | Election |
| --- | --- | --- |
| The District of McAllen | Rental Lease (McAllen, Texas) | Assume |

| | | |
|---|---|---|
| Holtzman Group, LLC | Rental Lease (Brownsville, Texas) | Assume |

Debtor in Possession continues to rent from The District of McAllen on a month-to-month basis and the Holtzman Group, LLC on a week-to-week basis for the continued use of the restaurant spaces both of which are essential elements of the Debtor in Possession's reorganization.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

| Party | Description of Contract | Election |
|---|---|---|
| | | |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Payments and distributions under the Plan will be funded by the following:

> The Debtor-In-Possession is operating the business and fully engaged in maximizing customers and profits. Further, overhead is being reduced and the debtor is committed to making sure that adequate accounting and banking practices are implemented so that unnecessary fees and fines are not incurred.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    <u>Severability</u>. If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect on any other provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in

this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

  8.05 <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**ARTICLE IX**
**DISCHARGE**

  9.01 <u>Discharge.</u>  On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114a(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**ARTICLE X**
**OTHER PROVISIONS**

 10.01 Additional Provisions. None.

<u>Date: December 18, 2014</u>

              Respectfully submitted,

              <u>/s/ Jose Antonio Lopez    </u>.
              Managing Member of
              CULINARY AMBITION, LLC.

               <u>/s/  Enrique J Solana    </u>.
              Enrique J Solana
              Federal ID No. 962939
              State Bar No. 24066114
              Law Office of Enrique J Solana, PLLC
              914 E. Van Buren St
              Brownsville, TX 78520
              (956) 544-2345
              (956) 550-0641 fax
              Attorney for
              CULINARY AMBITION, LLC
              Debtor in Possession

## CERTIFICATE OF SERVICE

      I hereby certify that on December 18, 2014, a true and correct copy of the foregoing Chapter 11 Plan was served on the following by US Regular Mail, electronically, or the method indicated:

Culinary Ambition, LLC
3300 N. McColl Rd, Suite O
McAllen, Texas 78501

Barbara Jue
United States Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, TX 78476

And to all creditors and parties of record.

                                                 /s/ Enrique J Solana
                                                 Enrique J Solana